**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANTHONY V.,<br><br>              Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Civil Action No. 24-11183 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Anthony V.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security Income ("SSI") under Title XVI. (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the Commissioner's decision.

## I.    BACKGROUND

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

### A.    Procedural Background

Plaintiff initially filed an application for DIB in January 2018 alleging disability beginning in June 2013. (AR 343, ECF No. 6.[2]) The Social Security Administration (the "Administration") denied the application both initially and upon reconsideration. (*Id.* at 160, 166.) The ALJ denied Plaintiff's claim in a written decision dated October 28, 2019. (*Id.* at 112-29.) Plaintiff appealed to the Appeals Council, and the Appeals Council denied Plaintiff's request for review on August 31, 2020. (*Id.* at 130-35.)

Plaintiff thereafter filed applications for DIB and SSI on June 16, 2021, alleging a disability onset date of May 1, 2011. (*Id.* at 138, 142.) The Administration denied the application both initially and upon reconsideration. (*Id.* at 238, 243, 251, 254.) Thereafter, Plaintiff requested a hearing (*id.* at 21), and the ALJ held a hearing on September 21, 2023 (*id.* at 21). On February 26, 2024, the ALJ denied Plaintiff's claim. (*Id.* at 21-30.) Plaintiff submitted a request for review, which the Appeals Council denied (*id.* at 1-7), making the ALJ's February 26, 2024, decision the Commissioner's final decision. This appeal followed. (*See generally* Compl., ECF No. 1.) On December 10, 2025, Plaintiff filed his moving brief in this action. (Pl.'s Moving Br., ECF No. 12.) The Commissioner opposed (Def.'s Opp'n Br., ECF No. 15), and Plaintiff filed notice that he "elects not to file a [r]eply [b]rief in this case" and instead "relies upon the arguments made in his opening brief" (Pl.'s Reply Br., ECF No. 16).

---

[2] The Administrative Record ("AR") is located at ECF Nos. 6 through 6-12. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

### B.    The ALJ's Decision

In her February 26, 2024, decision, the ALJ first dismissed Plaintiff's DIB application because she determined that *res judicata* applied based on the Administration's previous 2019 determination. (AR 21-22.) The ALJ thereafter concluded that Plaintiff was not disabled for the purposes of his SSI claim. (*Id.* at 30.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 22-23 (citing 20 C.F.R. § 416.920).) At step one, the ALJ found that Plaintiff "ha[d] not engaged in substantial gainful activity since June 16, 2021, the application date[.]" (*Id.* at 24.) At step two, the ALJ determined that Plaintiff had several severe impairments: (1) attention deficit hyperactivity disorder ("ADHD"); (2) history of opioid dependence; and (3) bipolar disorder. (*Id.* at 24.) The ALJ also determined that Plaintiff had the non-severe impairment of a spinal disorder. (*Id.*)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926 during the relevant period. (*Id.* at 25.) With respect to Plaintiff's mental impairments, the ALJ stated that she specifically "considered whether the 'paragraph B' criteria [were] satisfied." (*Id.* at 25-26.)

The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[3] to perform "a full range of work at all exertional levels[.]" (*Id.* at 26.) Plaintiff, however, had the following non-exertional limitations: (1) Plaintiff "can understand and execute simple and routine

---

[3] RFC is defined as "the most [an individual] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1); *see Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) ("'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by [his] impairment(s)[.]" (citing *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999))). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1520(c), 404.1546(c).

3

tasks[; (2) h]e can have occasional contact with coworkers, supervisors, and the public but not tasks that involve direct customer service[; and (3) he] . . . can make simple decisions and adapt to occasional changes in essential work tasks." (*Id.*)

At step four, the ALJ found that Plaintiff is "unable to perform any past relevant work" as a barber, or telephone solicitor because "[t]he mental demands of [Plaintiff's] past relevant work exceed [his] [RFC]." (*Id.* at 28.) The ALJ considered that Plaintiff was forty-six which is defined as "a younger individual," and has at least a high school education. (*Id.*) The ALJ determined that "[t]ransferability of job skills is not material . . . because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [he] has transferable job skills." (*Id.* at 28-29.) Based on the aforementioned factors and Plaintiff's RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.* at 29 (citation omitted).) In doing so, the ALJ relied upon the testimony of the vocational expert, who testified that an individual of Plaintiff's age, education, work experience, and RFC "would be able to perform the requirements of representative occupations such as" labeler, inspector hand packager of plastic products, or small parts assembler. (*Id.*)

At step five, the ALJ determined that Plaintiff was not disabled, as defined in the Act from June 16, 2021, the date the application was filed, through the date of the ALJ's decision, February 26, 2024, for the purposes of Plaintiff's SSI claim. (*Id.* at 30.)

## II.  LEGAL STANDARD

### A.  Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

**B.    Establishing Disability and SSI**

To be eligible for DIB or SSI under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that he has not engaged in any substantial gainful activity since the onset of his alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that his impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant demonstrates that he suffers from a listed impairment or that his severe impairment is equal to a listed impairment, he is presumed to be disabled and entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(d). If he cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). In doing so, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. *Id. at* § 404.1545(a)(2); SSR 96-8p, 61 Fed. Reg. 34474, 34477 (Jul. 2, 1996). Then, at step four, the ALJ determines whether the claimant's RFC permits him to resume previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's RFC permits him to resume previous employment, the claimant is not "disabled" and thus not entitled to DIB or SSI benefits. *Id.*; 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(a)(4)(v). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with his medical impairments, age, education, past work experience, and RFC. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560. If the Commissioner cannot satisfy this burden, the claimant will receive DIB and SSI benefits. 20 C.F.R. § 404.1520(g).

## III.    **DISCUSSION**

Plaintiff appeals the ALJ's decision and raises two main arguments in support of remand. (*See generally* Pl.'s Moving Br.) Specifically, Plaintiff contends that the ALJ: (1) failed to assess the opinions of Syed Rasheed, M.D. ("Rasheed"), Plaintiff's psychiatrist, pursuant to the regulatory factors; and (2) failed to tether the medical evidence to the highly specific RFC. (*Id.* at 7-16.) As explained below, the Court concludes that the ALJ's decision is supported by substantial evidence.

A.    **The ALJ's Evaluation of Rasheed's Medical Opinion Evidence is Supported by Substantial Evidence in the Record.**

Plaintiff argues that in making the RFC determination, the "ALJ failed to follow the regulations when evaluating the medical opinions relating to mental functioning, and . . . failed to identify substantial evidence" to support such determination. (*Id.* at 7.) Plaintiff contends that the ALJ gave the exact same analysis when discussing Rasheed's October 1, 2019, and September 20, 2023, opinions—both of which stated that "[t]his opinion is not persuasive as it is inconsistent with the medical evidence. Moreover, the record does not support such profound limitations (See also paragraph B discussion). The undersigned also notes the lack of consistent and ongoing treatment records for any mental impairment." (*Id.* at 10 (quoting AR 28).) Plaintiff argues that such an evaluation is conclusory and insufficient. (*Id.*) Plaintiff submits that the "ALJ failed to consider the evidence supporting . . . Rasheed's opinions, including . . . Rasheed's own explanations." (*Id.*) Plaintiff also maintains that "the ALJ's reference to the paragraph B discussion is insufficient." (*Id.* at 12.)

"When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024) (emphasis in original). Under 20 C.F.R. § 404.1520c(a), an ALJ is required to consider medical opinions and determine the persuasiveness of the opinions by considering specific factors listed in the regulations. These factors include: (1) supportability; (2) consistency; (3) relationship of the medical source to the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, and extent of the treatment relationship; (4) specialization; and (5) other relevant factors. *Id.* § 404.1520c(c). Supportability and consistency are the most important factors.

8

*Id.* § 404.1520c(b)(2). Accordingly, an ALJ must "explain how [she] considered [these two] factors" but need not "explain how [she] considered" the other factors. *Id.*

When giving this explanation, the ALJ "need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski*, 115 F.4th at 639. It is sufficient, rather, for the ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* "[T]he regulations[, moreover,] seek to enforce a 'source level' analysis, rather than dividing each source's opinions into different units to be separately analyzed[,]" so the ALJ need not perform a supportability and consistency analysis "with regard to every aspect of the [medical] opinion." *Pyle v. Comm'r of Soc. Sec.*, No. 23-815, 2024 WL 4278291, at *1 n.1 (W.D. Pa. Sep. 24, 2024). Further, the ALJ is not required to provide a "written analysis about how [she] considered each piece of evidence." *Joseph P. v. Comm'r of Soc. Sec.*, No. 21-13524, 2023 WL 1929945, at *5 (D.N.J. Feb. 10, 2023) (citations omitted). Instead, "[t]he new regulations reflect a 'reasonable articulation standard'" in which the "decision need only 'allow a subsequent reviewer . . . to trace the path of an adjudicator's reasoning.'" *Id.* (second alteration in original) (quoting 82 Fed. Reg. 5844-01 at 5858). In tracing this path, "[a]n ALJ 'must give some indication of the evidence which [s]he rejects and h[er] reason(s) for discounting such evidence.'" *Tedesco v. Comm'r Soc. Sec.*, 833 F. App'x 957, 961 (3d Cir. 2020) (citation omitted). But "the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph will probably suffice." *Kelly v. Colvin*, No. 09-759, 2013 WL 5273814, at *10 (D. Del. Sep. 18, 2013) (quoting *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981)). It is, additionally, "not for this [C]ourt to reweigh the various medical opinions in the record[,]" but instead "to determin[e] if there is substantial evidence to support the ALJ's weighing of those opinions." *Id.* (citations omitted).

Here, contrary to Plaintiff's assertions, the ALJ properly considered the opinions of Rasheed and had substantial evidence to support her conclusion that Rasheed's opinions were not persuasive considering other evidence in the record. The ALJ specifically determined that Rasheed's opinions were not persuasive because they were "inconsistent with the medical evidence" and explained that "the record does not support such profound limitations." (AR 28.) The ALJ further noted that she considered "the lack of consistent and ongoing treatment records for any mental impairment." (*Id.*) The ALJ explained that while Plaintiff "endorsed a five-year history of treatment for depression" he "denied a history of hospitalizations due to delusions and reported that he was simply not feeling well and was stressed out." (*Id.* at 27.)

The ALJ also detailed the two isolated instances of psychiatric treatment during the relevant period. (*Id.*) The first occurred on February 9, 2023, where Plaintiff was "brought to the hospital by the police due to suicidal ideation[.]" (*Id.*) The second occurred on July 6, 2023, when Plaintiff "presented with disability paperwork for completion to . . . Rasheed." (*Id.*) The ALJ also cross-referenced the paragraph B analysis where she explained that Plaintiff "reported that he can go to doctor appointments, drive, shop, . . . prepare meals[,]" "live with others, . . . care for his minor children[,]" "follow instructions from healthcare providers, comply with treatment outside of a doctor's office or hospital, and respond to questions from medical providers."[4] (*Id.* at 25.) The ALJ further explained that the medical evidence showed that Plaintiff "had a good rapport with providers, was described as pleasant and cooperative, had good interactions with non-medical

---

[4] While courts have found ALJs' boilerplate assertions that their RFC assessments "reflect[] the degree of limitation [they] found in the 'paragraph B' . . . analysis" to be insufficient, *see, e.g.*, *Siry v. Bisignano*, No. 24-1910, 2025 WL 2447786, at *4 (E.D. Pa. Aug. 25, 2025) (quoting *Gunn v. Kijakazi*, 705 F. Supp. 3d 315, 327 (E.D. Pa. 2023)), the ALJ's RFC determination here considered more than just the "paragraph B" analysis—including, as discussed above, Plaintiff's testimony, the opinion evidence of Rasheed, and Plaintiff's hospitalization and treatment records (AR 26-28).

10

staff, and appeared comfortable during appointments." (*Id.*) Moreover, the ALJ noted that "objective evidence in the record showed" that Plaintiff had "appropriate grooming and hygiene, no problem getting along well with providers and staff, and no problems with temper control." (*Id.*)

Here, based on the ALJ's considerations discussed above, the Court finds that "the ALJ appropriately addressed the medical opinion evidence [of Rasheed] and gave h[er] reasons, albeit briefly, for rejecting" it as not persuasive based on the record, a determination that is supported by substantial evidence in the record. *Stephanie P. v. Comm'r of Soc. Sec.*, No. 21-12524, 2023 WL 2214179, at *4 (D.N.J. Feb. 24, 2023); *see also Tricia W. v. Comm'r of Soc. Sec.*, No. 24-11499, 2025 WL 3033994, at *6 (D.N.J. Oct. 30, 2025) (explaining that the ALJ does not have to "supply a comprehensive explanation" and that typically "a sentence or short paragraph would . . . suffice" (quoting *Cotter*, 650 F.2d at 482)).

The Court, accordingly, finds that the ALJ's conclusion that Rasheed's opinion evidence was not persuasive is supported by substantial evidence in the record.

**B.      The ALJ's RFC Determination is Supported by Substantial Evidence in the Record.**

Plaintiff also argues that the ALJ improperly relied on her own lay interpretation of raw medical data and failed to properly explain her RFC determination. (Pl.'s Moving Br. 14.) Plaintiff contends that the ALJ did not properly explain why she included the limitations in the RFC that she did and did not properly explain how the evidence in the record supported the limitations given. (*Id.*)

Here, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record. *See Faith S. v. Bisignano*, No. 24-989, 2026 WL 821832, at *11 (M.D. Pa. Mar. 25, 2026) (affirming ALJ's RFC determination and finding that "the ALJ properly analyzed the record such that substantial evidence supports his conclusion that [plaintiff's] treatment was

11

routine and conservative"); *Myers v. Comm'r of Soc. Sec.*, 684 F. App'x 186, 192 (3d Cir. 2017) (affirming the ALJ's finding that a physician's opinion that the claimant had a disability was unpersuasive given that "the treatment itself was conservative, medication lessened symptoms, and treatment notes do not support the severity indicated in [that opinion]"); *see also Glass v. Comm'r of Soc. Sec.*, No. 18-15279, 2019 WL 5617508, at *8 (D.N.J. Oct. 31, 2019) (noting that an ALJ need not "perform a 'function-by-function' analysis . . . so long as the ALJ's RFC determination is supported by substantial evidence in the record").

As discussed above, in making her RFC determination, the ALJ found that Rasheed's opinions were not persuasive because they were "inconsistent with the medical evidence" and explained that "the record does not support such profound limitations." (AR 28.) The ALJ also noted "the lack of consistent and ongoing treatment records for any mental impairment." (*Id.*) The ALJ further considered Plaintiff's testimony at the hearing related to his ability to engage in self-care tasks, prepare meals, do chores, drive, and care for children. (*Id.*) The ALJ explicitly detailed the two isolated instances of psychiatric treatment during the relevant period (*id.*), and cross referenced the paragraph B analysis where she explained that Plaintiff "reported that he can go to doctor appointments, drive, shop, and prepare meals" as well as "follow instructions from healthcare providers, comply with treatment outside of a doctor's office or hospital, and respond to questions from medical providers" (*id.* at 25). Plaintiff, moreover, testified that he suffers from anxiety and can become "a little confused" "around a lot of people." (*Id.* at 69.) All of this evidence substantially supports the ALJ's RFC determination. *Marilyn H. v. Comm'r of Soc. Sec.*, No. 21-3334, 2024 WL 1092503, at *5 (D.N.J. Mar. 13, 2024) (affirming ALJ's decision and explaining that "reading the ALJ's decision as a whole reveals [that] there is substantial evidence and sufficient analysis supporting the ALJ's RFC determination"); *Tyler E. K. v. Comm'r of Soc.*

*Sec.*, No. 21-9623, 2022 WL 3913559, at *4 (D.N.J. Aug. 31, 2022) ("Viewing the ALJ's decision and the record as a whole, the Court concludes that the ALJ provided substantial evidence to support the RFC determination."); *Shaw v. Saul*, No. 20-517, 2021 WL 1115917, at *1 n.1 (E.D. Pa. Mar. 24, 2021) (affirming ALJ's decision and concluding that where "reading the decision as a whole" the ALJ "provided an adequate explanation for the RFC assessment by addressing the evidence and explaining why it supported the RFC").

The ALJ, moreover, explicitly stated that she made her RFC determination "[a]fter careful consideration of the record" (AR 26), a statement that this Court accepts as true. *See Ramirez v. Kijakazi*, No. 22-431, 2023 WL 5916906, at *5 (M.D. Pa. Sep. 11, 2023) (explaining that the ALJ "stated [that] he rendered his findings after consideration of the entire record[,]" and that the court "should take [the ALJ] at his word"); *Jones v. Comm'r of Soc. Sec.*, 297 F. App'x 117, 120 (3d Cir. 2008) ("[W]e take the ALJ at his word[.]").

The Court, accordingly, finds that the ALJ's RFC determination is supported by substantial evidence.

## IV.    <u>CONCLUSION</u>

For the reasons outlined above, the Court affirms the Commissioner's decision. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: JUNE 17, 2026

13